Leo PFAUTH, Plaintiff-Appellant,

v.

Opal PFAUTH, Defendant-Respondent.

No. 24044.

Kansas City Court of Appeals.

Missouri.

Feb. 1, 1965.

Donald B. Clark, Campbell & Clark, Kansas City, for appellant.

Don E. Black, Chillicothe, for respondent.

SPERRY, Commissioner.

Plaintiff, Leo Pfauth, filed motion to modify a decree granting custody of his child, Patricia, to her mother, Opal Pfauth. From the action of the court denying the motion and increasing the amount of support money to be paid, plaintiff appeals.

The parties were husband and wife until divorced by decree entered June 25, 1951. The record is skimpy but it appears that, at that time, the parties lived in Kansas City and Patricia was but a few months of age. Plaintiff obtained a decree of divorce upon his uncontested petition, but custody of the child was granted to defendant, together with an allowance of $10.00 per week for her support of the child. The child lived with defendant, at Chillicothe, Missouri, from that time forward until the hearing on this motion was held, on September 20, 1963.

This is a case involving modification of an existing order of custody, made twelve years prior to the date of this hearing. In deciding the issues herein, we must determine whether there are changes in circumstances which have occurred *since* the original order was made, in 1951, which require a change in custody. A provision as to child custody, once made, becomes as

conclusive as any other order or decree, and can only be modified on a showing of subsequently changed conditions; but, while proof of a change in condition is a prerequisite to the modification of a decree, such proof does not necessarily require a modification of a decree, and no modification will be made unless the welfare of the child itself requires a change in custody. Montgomery v. Montgomery, Mo.App., 257 S.W.2d 189, 196, 197. While we will review the entire evidence and make our own decision thereon, we will bear in mind that the trial judge saw and observed the witnesses and heard their testimony, which was verbal, and to some extent, conflicting.

The transcript gives us no information regarding the allegations of the divorce petition, or the grounds upon which the decree was granted. We infer, from the record, that the parties were not in good financial condition because, at that time, they were living in an old school bus which, later, was taken to Chillicothe, parked on an undesirable rented lot and has, ever since, been occupied by defendant and Patricia. Plaintiff, during these twelve years, made but little effort to see his daughter and sent defendant small sums, at irregular intervals, for her support.

The record indicates that plaintiff had been twice married prior to the marriage to defendant; that he has two children by one of these marriages but that they do not live with him. He has been married once since this divorce and has a child by that marriage. His moral conduct prior to the divorce was not good, and defendant has a child, younger than Patricia, born out of wedlock, who lives with defendant in the converted bus. Defendant was receiving aid for dependant children which, together with what plaintiff contributed, constituted her sole income at the time of the hearing. However, she testified to the effect that, prior to 1959, she had worked at a laundry, and at other employment, to support herself and Patricia. She had a gall bladder operation which disabled her for a time, but her physical condition at the time of the hearing was not shown.

Plaintiff has been admitted to the practice of medicine, as an Osteopath, at Lawson, a town of about 800 population, near Kansas City. He is purchasing a modern six room home there, and is also purchasing professional equipment and an automobile, all of which is encumbered.

The evidence fails to show any significant change in defendant's physical or financial position since the divorce. However, she now has another child. Plaintiff, presumably, is in much better position, financially, than he was in 1951, but Patricia is not shown to have benefitted thereby. She was thirteen (13) years of age, poorly housed and poorly clothed, at the time of the hearing. She has never known her father and has no occasion to hold him in high esteem, although he now professes to be able and willing to assume her custody and support. The court interviewed Patricia privately, and made an order denying the custody change; ordered plaintiff to pay $15.00 per week instead of $10.00; and he ordered that if defendant did not, within a reasonable time, obtain other and better housing, and secure employment, a further hearing on this matter might be held before the court, at which time, further orders could be made.

In view of the state of the record and the rather discouraging general situation that is disclosed therein, we are loath to disturb the trial court's judgment. We think he has dealt with the problem conscientiously and, probably, as satisfactorily as a condition of this kind may be dealt with by the courts.

The decree of the court is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.

BROADDUS, J., not participating.